CASE 109—ACTION BY S. W. HAGER, AUDITOR, AGAINST THE KENTUCKY
TITLE CO., TO RECOVER A FRANCHISE TAX.—FEB. 14.

# Hager, Auditor, &c. v. Kentucky Title Co.

APPEAL FROM FRANKLIN CIRCUIT COURT—JAMES CANTRILL, CIR-
CUIT JUDGE.

JUDGMENT FOR DEFENDANT. PLAINTIFFS APPEAL. AFFIRMED.

CORPORATIONS—POWERS—INCORPORATION BY SPECIAL ACT—REPEAL—
ACCEPTANCE OF CONSTITUTION.

1. Under Kentucky Statutes, 1903, section 573, declaring that pro-
visions of corporate charters given by the Legislature inconsistent
with the provisions of that chapter concerning similar corpora-
tions, and all powers and privileges conferred by such charters
which could not be obtained under the provisions of that chapter,
shall be repealed, and Act March 19, 1894 (Acts 1894, p. 226,
c. 99), providing for the incorporation of title insurance com-
panies, and declaring that existing corporations transacting
business provided for in the act might continue in business as
though incorporated under the act, a title insurance company
incorporated by special act passed before the adoption of the
present Constitution, and given powers and privileges which
title insurance companies organized under Act March 19, 1894,
do not have, is restricted to the exercise of powers given by that
act.
2. A corporation organized under a special act passed before the
adoption of the present Constitution, but repealed afterwards,
does not, by failure to accept the Constitution, become estopped
to deny that it is exercising all the privileges granted it by
its special act of incorporation.

N. B. HAYS, ATTORNEY GENERAL, AND LORAINE MIX, FOR APPELLANT.

The question in the case is: Is the tangible property of
appellee subject to taxation under sections 171, 172 and 174 of
the Constitution, and section 4077, Kentucky Statutes?
1. We submit that the words, "Shall in addition to the other
taxes imposed on it by law, annually pay a tax on its franchise
to the State," in sec. 4077, Kentucky Statutes, means that such
corporations shall pay an ad valorem tax on its tangible pro-

perty, in addition to its other taxes, and that this was the legislative intent and meaning of said phrase.

2. We contend that appellee is included in the list of companies enumerated in said section 4077 as "guarantee or security companies," named therein and must pay under the express provisions of said statute, a tax on its intangible property.

3. If, however, appellee is not included as a "guarantee or security company" in section 4077, then we say it is included by the terms of the statute, "like companies to those named in section 723."

4. The State contends that appellee, under the Act of March 19, 1894, has special privileges not allowed by law to natural persons, and by section 734, Kentucky Statutes, it is required to set apart at least two-fifths of the amount of its paid-up capital stock as a guarantee fund.

5. That these privileges constitute appellee an incorporated bank, in law, and it is estopped to say it did not exercise the privileges, and did not have them, and its not having filed its acceptance of the present Constitution until 1903, its right to enjoin the taxes must be determined by the acts creating it and the acts amendatory thereto, and not by the Act of March 19, 1894.

THOS. W. BULLITT, ATTORNEY FOR APPELLEE.

The single question involved in this appeal is: Whether the Kentucky Title Co. is or is not subject to assessment for a franchise tax under Kentucky Statutes, section 4077, et seq.

We submit:

1. Title companies or title insurance companies are not named in section 4077, and are not "like" to the corporations therein designated.

(a) A title company is not a bank nor are its powers like unto those of a bank.

(b) A title company is not a trust company nor like unto a trust company.

(c) A title company is not a guaranty or security company and is not "like" unto such company.

2. Title companies or title insurance companies do not exercise "any special or exclusive privileges or franchise not allowed to natural persons."

3. Title companies or title insurance companies perform no "public service" within the purview of section 4077.

4. All special privileges granted to the Kentucky Title Co. by its legislative charter, were by section 573 of the Kentucky Statutes repealed on September 25, 1897.

### AUTHORITIES CITED.

Aetna Ins. Co. v. Coulter, 25 R., 193; Fidelity & Casualty Co. v. Coulter, 25 R., 200; Lou. Tob. Warehouse Co. v. Com., 106 Ky., 165; Deposit Bank v. Daviess Co., 102 Ky., 174; Williams v. Nall, 21 R., 1526; Senn v. Levy, 23 R., 662; Gamewell v. Fire Alarm, &c., Co., 76 S. W., 862.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

The question involved in this case is the same as was involved in the case of Hager, Auditor, v. Louisville Title Company (this day decided), 85 S. W., 182, 27 R., 346. The reasoning and conclusion of the court in that case are applicabe to this case, except there is another question which we will here consider. The appellee was created by special acts of the Legislature passed before the adoption of the present Constitution. It was given powers and privileges which real estate title insurance companies do not have under Act March 19, 1894 (sections 725-743, Ky. St., 1903). By section 573, Kentucky Statute, 1903, provisions of charters given by the Legislature "inconsistent with the provisions of this chapter (chapter 32 Ky. St., 1903) concerning similar corporations," and "all powers, privileges, and immunities" conferred by such charters "which could not be obtained under the provisions of this chapter," stood repealed on September 25, 1897. This chapter seems to have contained no provision for the incorporation of title companies, and the Legislature seems to have been of that opinion, because Act March 19, 1894 (Acts 1894, p. 226, c. 99), makes special provision for the incorporation of such companies. It is provided in that act (section 744) that existing corporations "transacting the business provided for in this act may * * * * continue in business as though incorporated under this act." It is clear from the statute that real estate title insurance companies, although acting under char-

ters previously given, are restricted to the exercise of powers.. specified in section 728.

It is argued for the Commonwealth that, because the Kentucky Title Company did not accept the present Constitution until 1903, it gets no benefit from the present legislation, and therefore it is estopped to deny that it continues to exercise the special privileges by its legislative charter and amendments thereto. If the position of counsel for the Commonwealth is correct, then a corporation which enjoys privileges under legislative charters could keep them in force by failing to accept the Constitution, although the Legislature had repealed the acts granting them. The effect of this would be to give corporations irrevocable privileges. We are of the opinion that the appellee is not subject to assessment of a franchise tax.

The judgment is affirmed.